# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC., )
425 Third Street, S.W., Suite 800 )
Washington, DC 20024, )
                                                            )
          Plaintiff, )    Civil Action No.
                                                            )
v. )
                                                            )
UNITED STATES DEPARTMENT OF )
HOMELAND SECURITY, )
601 South 12th Street )
Arlington, VA 22202, )
                                                            )
          Defendant. )
_____)

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant United States Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its public interest

mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant is an agency of the United States Government and is headquartered at United States Department of Homeland Security, 601 South 12th Street, Arlington, VA 22202. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On August 30, 2010, Plaintiff sent a FOIA request to Defendant seeking access to the following:

> a. Any and all records of, and/or records concerning Department of Homeland Security briefing regarding a systematic review of pending immigration cases against suspected illegal immigrants in Houston, Texas.
>
> b. Any and all records of general guidelines issued to Department of Homeland Security attorneys, allowing for dismissal of pending immigration cases.
>
> c. Any and all records detailing the determination and implementation of a systematic review of pending immigration cases against suspected illegal immigrants in Houston, Texas.
>
> d. Any and all correspondence with non-governmental organizations (to include, but not limited to, the American Immigration Lawyers Association) concerning the process for US Immigration and Customs Enforcement to give consideration to possible dismissal of pending immigration cases.

6. Defendant acknowledged receipt of Plaintiff's FOIA request by letter dated September 9, 2010. Defendant's letter informed Plaintiff that its request was being referred to U.S. Immigration and Customs Enforcement ("ICE"), a component of Defendant.

7. On or about January 4, 2011, Plaintiff finally received a letter from ICE acknowledging receipt of Plaintiff's FOIA request.

8. On January 19, 2011, Plaintiff received an e-mail from ICE requesting a clarification of Plaintiff's request.

9. Plaintiff responded to Defendant's request for clarification by e-mail on January 20, 2011.

10. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant was required to respond to Plaintiff's FOIA request within twenty (20) working days of Plaintiff's clarification at the latest, or by February 17, 2011.

11. As of the date of this Complaint, Defendant has failed to produce any records responsive to the request or demonstrate that responsive records are exempt from production. Nor has it indicated whether or when any responsive records will be produced. In short, other than to acknowledge receipt of the request and ask for a clarification of the request, Defendant has failed to respond to the request in any manner.

12. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C).

### COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

13. Plaintiff realleges paragraphs 1 through 12 as if fully stated herein.

14. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

15. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: March 23, 2011

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ Paul J. Orfanedes
Paul J. Orfanedes
D.C. Bar No. 429716

/s/ Jason Aldrich
Jason B. Aldrich
D.C. Bar No. 495488
Suite 800
425 Third Street, S.W.
Washington, DC 20024
(202) 646-5172

*Attorneys for Plaintiff*